GALLAGHER & ASCHER *et als. v.* UNITED STATES (No. 1203).[1]

PUMICE STONE, PARTLY MANUFACTURED.

Paragraph 89, tariff act of 1909, provides not only for manufactured and unmanufactured pumice stone, but also for partially manufactured pumice stone, and the filed or rolled pumice stone of the importation was dutiable thereunder.

United States Court of Customs Appeals, January 14, 1914.

APPEAL from Board of United States General Appraisers, G. A. 7462 (T. D. 33408) and Abstract 32433 (T. D. 33433).

[Affirmed.]

*Lester C. Childs* for appellants.

*William L. Wemple*, Assistant Attorney General (*Thomas F. Tumulty*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The collector of customs at the port of New York classified a consignment of pumice stone as wholly or partly manufactured and

---

assessed it for duty at three-eighths of 1 cent per pound under that part of paragraph 89 of the tariff act of 1909 which reads as follows:

89. Pumice stone, wholly or partially manufactured, three-eighths of one cent per pound; * * *. .

The importers protested that the pumice stone was unmanufactured, valued at over $15 per ton, and therefore dutiable at one-fourth of 1 cent per pound under that part of paragraph 89 which reads as follows:

89. Pumice stone, * * * unmanufactured, valued at $15 or less per ton, 30 per centum ad valorem; valued at more than $15 per ton, one-fourth of 1 cent per pound.

The Board of General Appraisers overruled the protest and the importers appealed.

The pumice stone involved in the appeal was returned by the appraiser as "pumice stone in lumps which has undergone a process of manufacture either by filing or otherwise." From the testimony produced at the hearing by the importers it appears that this particular merchandise comes from Canneto-Lipari, Italy, and is taken out of the mines in large pieces, which are broken up and divided into grades according to quality. The rough edges and corners of the finer grades are removed by filing or by rolling the pieces of pumice in a cylinder so as to grind off inequalities and projecting points by the friction of one piece against another. The pumice stone in controversy has been either filed or rolled and is designed to be used in the production of smooth, polished surfaces or a high finish on woodwork and such manufactures as carriage bodies. Beyond filing or rolling the pumice stone, ordinarily nothing further is required to make it ready for use except to cut it in two.

From the evidence adduced at the hearing it is apparent to us that pumice stone broken into rough pieces, just as it is taken out of the mine, could not be conveniently handled or advantageously used by workmen as an appliance for finishing surfaces requiring a high polish. To fit the pumice for any such use and to make it ready for the hands of the workman, it is necessary that the rough edges and corners should be smoothed away by filing or rolling, and that the stone should be cut in two in order to provide a flat polishing surface. While, in our opinion, to constitute the completed article, ready for use, filing or rolling and cutting of the pumice stone are both necessary, yet the filing or rolling by itself fits it to some degree for efficient and advantageous use, and therefore it may be properly designated as pumice stone partially manufactured to distinguish it from the pumice stone which has been completely manufactured and from the pumice stone upon which nothing at all has been done to adapt it to its ultimate purpose. If paragraph 89 provided only for manufactured and unmanufactured pumice stone, we would be disposed to give serious consideration to the contention

of the importer that the importation should not be regarded as a manufactured article. The paragraph provides, however, not only for manufactured and unmanufactured pumice stone, but also for partially manufactured pumice stone, and we do not see how filed or rolled pumice stone can be classified as wholly unmanufactured without ignoring the manifest intent of Congress to lay a duty on pumice stone which is neither completely manufactured nor wholly unmanufactured.

The decision of the Board of General Appraisers is *affirmed*.